TO BE PUBLISHED

# Supreme Court of Kentucky

## 2018-SC-000049-KB

DATE 5/8/18 Kim Redmon, DC

MARC LAWRENCE OBERDORFF                MOVANT

V.              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION             RESPONDENT

## OPINION AND ORDER

The Office of Bar Counsel (Bar Counsel) requests review of the Findings of Fact, Conclusions of Law, and Recommendations of the Board of Governors of the Kentucky Bar Association (Board) entered January 31, 2018. Marc Lawrence Oberdorff, who was admitted to the Kentucky bar in August 2000, was suspended from the practice of law in February 2010. In December 2016, Oberdorff filed an application for restoration. After a review, the Character and Fitness Committee (Committee) recommended disapproval of his application for restoration. Pursuant to Supreme Court Rule (SCR) 3.500(3)(f), this matter was referred to the Board for its review. Disagreeing with the Committee's assessment, the Board recommended that Oberdorff's application for restoration be granted. Bar Counsel petitions this Court to reject the Board's recommendation and, in its place, follow the recommendation of the Committee. After a careful review, this Court adopts the recommendation of the Board.

## FACTS AND PROCEDURAL HISTORY

Oberdorff was admitted as a member of the Kentucky bar on August 18, 2000. Previously, Oberdorff had practiced law in Ohio for twenty years, having been admitted in 1980. Oberdorff's purpose in becoming a member of the Kentucky bar was to expand his Ohio legal practice into Kentucky. However, the expected business did not develop and Oberdorff never acquired any clients in Kentucky. Consequently, Oberdorff stopped paying his dues as mandated by SCR 3.050 and failed to comply with the continuing legal education requirements of SCR 3.645 (previously SCR 3.669). Accordingly, Oberdorff was suspended from the practice of law in Kentucky on February 17, 2010.

In the interim, Oberdorff continued to practice law in Illinois until late 2016, when he took a position with Pope Flynn, LLC in South Carolina. When Oberdorff began the licensing process in South Carolina, he learned that he could not sit for the South Carolina bar exam while suspended in another jurisdiction. To clear this impediment to his sitting for the South Carolina bar exam, Oberdorff filed an application for restoration of his membership in the Kentucky bar.

In a letter to KBA Executive Director John D. Meyers, Oberdorff stated that 1) he had never practiced law in Kentucky; 2) he had no expectation of practicing law in Kentucky in the future; 3) the purpose of filing his application was to certify to the State of South Carolina that his license was not suspended in another jurisdiction, and 4) upon restoration, he planned to formally withdraw as a member of the Kentucky bar. Subsequently, Oberdorff

2

submitted the required documentation to the Committee, including application fees and a cash bond of $2,500. Oberdorff's application established, notwithstanding the reasons for his suspension in Kentucky, his lack of prior discipline or criminal activity which would cast adverse light on his application.

On August 8, 2017, the Committee rendered its Findings of Fact, Conclusions of Law, and Recommendations. While the Committee concluded that Oberdorff "proved by clear and convincing evidence that he is worthy of the trust and confidence of the public and met his burden to show that he possesses the requisite character and fitness to practice law in Kentucky[,]" it recommended disapproval of his application for restoration.[1] The Committee found that Oberdorff did not express the intent to practice law in Kentucky as mandated by SCR 2.013.

Subsequently, Oberdorff's case was submitted to the Board for review pursuant to SCR 3.500(3)(f). The Board by a vote of 18-0 (with two members absent) adopted all findings of the Committee with the exception of its findings regarding Oberdorff's eligibility for license restoration. Rejecting the Committee's findings that Oberdorff failed to express intent to practice law in Kentucky, the Board explained "[a]lthough, Mr. Oberdorff candidly admitted he

---

[1] The Committee was initially concerned about whether Oberdorff was engaging in the unauthorized practice of law given that he appeared to be practicing law in South Carolina, while not yet admitted there. However, the Committee was satisfied by Oberdorff's statement that he was practicing federal tax law in South Carolina, which he was authorized to perform. Additionally, Oberdorff stated that his work was being supervised by other licensed attorneys in South Carolina. Moreover, Oberdorff submitted an expert report from Professor Michael J. Virzi, that stated that Oberdorff was not engaged in the unauthorized practice of law in South Carolina.

had no intent to practice in Kentucky when he made his initial application, during the application process and in his brief he stated, by and through counsel, his intent to practice in Kentucky." Furthermore, the Board noted that "there is no mention in SCR 2.013 of the time period for expressing the required intent." Employing a common sense analysis of the totality of the circumstances, the Board elected to reject the recommendation of the Committee and conclude that Oberdorff was eligible for restoration, had complied with all relevant rules and requirements for restoration, and that he should be permitted to sit for the Kentucky bar exam pursuant to SCR 3.500(3). Oberdorff was further ordered to pay current membership dues at the time this Court renders its decision along with the costs of his ethics proceeding.

Subsequently, Bar Counsel sought review of the Board's recommendation. As acknowledged by Bar Counsel, SCR 3.500(3)(f) does not address the situation present in the case at bar, namely where the Board has disagreed with the Committee's recommendation of disapproval for an application for restoration. Oberforff does not object to this Court's consideration of this issue, which will be discussed in detail below.[2]

_____

[2] Oberdorff does object to Bar Counsel's motion for leave to file a brief, arguing that Bar Counsel's tendered brief was little more than a redressing of its pleading before the Board, and that as such it is unnecessary for this Court's review. In the alternative, Oberdorff filed a motion for the Court's consideration, were we to grant Bar Counsel's motion. We have overruled Oberforff's objection and have reviewed the pleadings submitted by Bar Counsel and Oberdorff.

4

## ANALYSIS

Bar Counsel urges this Court to reject the Board's recommendation because it allegedly ignores and circumvents the clear language of SCR 2.013. SCR 2.013 states that

> [e]very applicant must intend to engage in the practice of law in Kentucky and agree to abide by the rules, duties and standards imposed upon attorneys of this state. No person shall seek admission to the Bar of Kentucky for the primary purpose of using such admission as a basis for obtaining admission to the Bar of some sister state or the District of Columbia or to circumvent the admission requirements of such sister state or District. The giving of erroneous information as to intention to practice law in the State of Kentucky shall be grounds for denying the applicant's application or for disbarment.

Bar Counsel contends that Oberdorff's statements to Executive Director Meyers demonstrate that he does not intend to practice law in Kentucky. Furthermore, Bar Counsel contends that Oberdorff's sole purpose for restoration is to become eligible to apply for admission to South Carolina's bar.

Oberdorff responds by arguing that Bar Counsel and the Committee have erred by not permitting him to change his mind regarding his desire to practice law in Kentucky. Oberdorff contends that under the reasoning promulgated by Bar Counsel and the Committee, "if an attorney states he does not intend to practice law in Kentucky, that is an irrevocable position which cannot be changed or altered at any point in time. Under that approach, six months later, or six years later, the Applicant, such as Mr. Oberdorff would not be able to take a different position." Further, Oberdorff noted the Board's conclusion that SCR 2.013 does not have any time frame as to when the intent to practice law in Kentucky must be expressed.

5

We agree with the Board that SCR 2.013 does not expressly state a time frame within which an attorney must identify his intent to practice law in the Commonwealth. While Oberdorff referenced the possibility of his practicing law in Kentucky before the Committee and Board, his intention to practice should his motion for restoration be granted is far from definitive.[3] However, we agree with the Board that Oberdorff's representation about his intent to practice law in Kentucky is sufficient to meet the requirements of SCR 2.013. While Oberdorff seeks to obtain restoration to pursue licensing in South Carolina, this goal is not mutually exclusive with Oberdorff's newfound interest in practicing law in Kentucky.

Accordingly, we adopt the recommendations of the Board, and it is hereby ORDERED,

1. Marc Lawrence Oberdorff is eligible for restoration to membership in the Kentucky bar.

2. This matter shall be referred to the Board of Bar Examiners for examination as set forth in SCR 3.500(3); the results of the examination shall be certified by the Board of Bar Examiners to this Court and to the Executive Director of the KBA.

---

[3] In a letter to the Committee's General Counsel Oberdorff stated that "[he] could, legitimately, seek public finance/federal tax public entity representation in Kentucky as a condition of the restoration of his license in Kentucky." Oberdorff went on to say that "[t]he Pope Flynn law firm, although located in South Carolina, also occasionally handles matters in North Carolina. Extending that to Kentucky would not necessarily be a stretch. If, as a condition of obtaining restoration of his license in Kentucky, that potential needs to be solidified, he will do so."

6

3. Upon successful completion of the exam, Oberdorff shall not be restored to membership until he pays dues and all costs associated with these disciplinary proceedings, in the amount of $768.18.

All sitting. All concur.

ENTERED: April 26, 2018.

CHIEF JUSTICE